UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ERAZO,<br>JID #157195,<br><br>                                Plaintiff,<br><br>vs.<br><br>CHICKEN OF THE SEA INTL.,<br>                                Defendant. | Case No.: 3:18-cv-02731-BTM-LL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

    JOSE ERAZO ("Plaintiff"), a prisoner in custody of the Westchester County Department of Corrections ("WCDOC") in Valhalla, New York, and proceeding pro se, filed a civil complaint in this Court on December 3, 2018 against Chicken of the Sea Intl. ("Defendant"). (*See* Compl., ECF No. 1.) Plaintiff alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because he and Defendant are citizens of different states, and the amount in controversy exceeds $75,000. (*Id.* at 1-2.)

Plaintiff claims to have sustained injuries to his mouth on November 27, 2018, after he opened and consumed a "Chicken of the Sea" mackerel filet sealed and packaged in soybean oil which contained a piece of metal. (*Id.* at 2-3.) He seeks $100,000 in compensatory and $500,000 in punitive damages, based on state law claims of strict liability, gross negligence, and intentional infliction of emotional distress. (*Id.* at 3-6.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed suit; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his WCDOC Trust Account Statement which includes a transaction register of his account activity from May 5, 2018 through November 27, 2018—the date he alleges to have been injured. *See* ECF No. 2 at 4-7; *see also* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff carried an average monthly balance of $9.78, had average monthly deposits of $16.89 to his account over the 6-month period immediately preceding the filing of his Complaint, and that he had an available balance of $27.64 on the books at the time of filing. *See* ECF No. 2 at 4-7.

Based on this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses his initial partial filing fee to be $3.37 pursuant to 28 U.S.C. § 1915(b)(1). The Court further directs the Commissioner of the WCDOC, or his designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.** *Sua Sponte* **Screening pursuant to 28 U.S.C. § 1915(e)(2)**

A. <u>Standard of Review</u>

If a prisoner's complaint "seeks redress from a governmental entity or officer or

3

3:18-cv-02731-BTM-LL

employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint, if [it] ... is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014).

Here, Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), but he invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and does *not* seek redress from or name any governmental actors or entities as Defendants. (*See* Compl., ECF No. 1 at 1-2.) Therefore, § 1915A(a)'s screening provisions do not apply. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review … for all complaints 'in which a prisoner seeks relief from a governmental entity…'") (quoting § 1915A(a)); *see also Thompson v. Hicks,* 213 Fed. Appx. 939, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject to dismissal under § 1915A).

However, because Plaintiff is proceeding IFP, his Complaint *is* still subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a governmental entity. *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). The purpose of § 1915's screening provisions are "'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom,* 762 F.3d at 920 n.1 (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (courts must "construe [a pro se plaintiff's] pleadings liberally and ... afford [him] the benefit of any doubt."); *Watison*, 668 F.3d at 1112.

B.  Diversity Jurisdiction

As noted above, unlike most pro se prisoners, Plaintiff is *not* proceeding pursuant to the Civil Rights Act, 42 U.S.C. § 1983 in this case, and has alleged no other basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331 or § 1343. Instead, his Complaint invokes federal jurisdiction based solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (*See* Compl., ECF No. 1 at 1-2.)

A plaintiff may invoke the court's diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). To premise jurisdiction on diversity, Plaintiff must allege both diversity of citizenship and the proper amount in controversy. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015); *Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990). There must be complete diversity of citizenship between the opposing parties—in other words, Plaintiff must be a citizen of a

different state than all of the defendants. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A corporation is considered a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

As currently pleaded, the Court finds Plaintiff's Complaint alleges complete diversity—he contends he is a "citizen of the State of New York," and that the only named Defendant, a corporation, is "registered by the State of California," and "is a citizen of the State of California." (Compl., ECF No. 1 at 2.) *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction exists where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants).

Plaintiff further seeks $100,000 in compensatory and $500,000 in punitive damages, based on alleged personal injury to his mouth and gums. (Compl., ECF No. 1 at 3, 5-6.) To determine whether a complaint meets § 1332(a)'s amount in controversy requirement, the court applies the "legal certainty" test. *See Naffe*, 789 F.3d at 1039 (citing *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986)). Under this test, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id*. at 1040 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283-288-89 (1938)). Thus, where a "complaint affirmatively alleges that the amount in controversy exceeds the jurisdictional threshold ... the district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less." *Id.* at 1040 (citing *St. Paul Mercury Indem. Co*., 303 U.S. at 288-89).

Applying these standards to Plaintiff's allegations, the Court finds his Complaint is sufficiently pleaded to surpass the "low threshold set for proceeding past the screening stage" required by 28 U.S.C. § 1915(e)(2). *Wilhelm v. Rotman,* 680 F.3d 1113, 1123 (9th

Cir. 2012). Therefore, the U.S. Marshal will be ordered to effect service upon the Defendant on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[1]

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Commissioner of the WCDOC, or his designee, to collect from Plaintiff's trust account the $3.37 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Joseph K. Spano, Commissioner, WCDOC, 10 Woods Road, Valhalla, New York, 10595.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order,

---

[1] Plaintiff is cautioned that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [Defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

a certified copy of his Complaint, and the summons so that he may serve the Defendant.[2] Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where the Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendant, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the

---

[2] Because the only named Defendant is alleged to be a corporation, Plaintiff must comply with Fed. R. Civ. P. 4(h)'s service requirements via the U.S. Marshal. Pursuant to Rule 4(h)(1)(B), a domestic corporation may be served:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B). Alternatively, Rule 4 provides that service on a corporation may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). *See Johnson v. Shri Jai Ranchhodrai, Inc.*, No. 17-CV-06482-VKD, 2018 WL 5617228, at *3 (N.D. Cal. Oct. 29, 2018).

merits," the Defendant is required to respond); and

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or Defendant's counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendant, may be disregarded.

**IT IS SO ORDERED**.

Dated: March 18, 2019

Honorable Barry Ted Moskowitz
United States District Judge